UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE LEE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NORTH COUNTY FAIR L.P. a Delaware limited partnership; *et al.*,<br><br>　　　　　Defendants. | Case No. 3:18-CV-01920-GPC-RBB<br><br>**ORDER**<br><br>**[ECF No. 107.]** |

　　　Before the Court is Defendant North County Fair L.P.'s motion to dismiss the complaint brought by Plaintiff Michelle Lee. (ECF No. 107.) After the motion was noticed for hearing for February 22, 2019, the Court issued a briefing schedule requiring the Plaintiff, Michelle Lee to file her response/opposition brief by December 28, 2018. (*See* ECF No. 108.) To date, Plaintiff has not filed any opposition papers; as a consequence, North County Fair submitted a Notice of Non-Opposition urging the Court to grant the motion for failure to prosecute. (ECF No. 109.)

　　　Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing (or when otherwise scheduled by the Court). Civ. Local R. 7.1.e.2;

*Turner v. Berryhill*, No. 17CV1130-CAB-BGS, 2018 WL 501010, at *3 (S.D. Cal. Jan. 19, 2018). Failure to comply with the rule "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. Local rules have the force of law, *United States v. Hvass*, 355 U.S. 570, 574–75 (1958), and courts have discretion to dismiss cases for failure to comply with the local rules. *Ghazali v. Moran*, 36 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to grant the motion). Before dismissal, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (4) the availability of less drastic sanctions.'" *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The Court concludes that the majority of the factors weigh in favor of dismissal. There is no indication that Plaintiff was unaware of the impending deadline to file its responsive pleadings. Moreover, the Court finds that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendant" all weigh in favor of granting the motion to dismiss. *See Ghazali*, 46 F.3d at 53.

In light of the above, it is hereby **ORDERED** that North County Mall's motion to dismiss (ECF No. 107) is **GRANTED** without prejudice; the hearing set for the matter on February 22, 2019 is **VACATED**.

**IT IS SO ORDERED.**

Dated: January 4, 2019

Hon. Gonzalo P. Curiel
United States District Judge